## BELL'S ADM'R *vs.* NICHOLS.

[DETINUE FOR SLAVES.]

1. *When statute of limitations begins to run against decedent's estate.*—Where a decedent dies in another State, and letters testamentary or of administration on his estate are there granted by the proper tribunal, the statute of limitations of this State begins to run against his estate from the time of such appointment, although such foreign administrator may have never had his letters recorded here, as authorized by the act of 1821. (Clay's Digest, 227, § 31.)

2. *Error without injury in rulings adverse to plaintiff.*—Where the record affirmatively shows that the plaintiff can never recover in the action, the appellate court will not, at his instance, examine into the correctness of any rulings of the primary court adverse to him, since they are, at most, error without injury.

APPEAL from the Circuit Court of Sumter.
Tried before the Hon. A. A. COLEMAN.

THIS action was brought by Burgess Garner, as the administrator *de bonis non* of Frederick Bell, against Darius D. Nichols, to recover several slaves, together with damages for their detention ; and was commenced on the 1st October, 1859. The record does not show what pleas were filed. The slaves in controversy, as appeared from the evidence adduced on the trial, belonged to said Frederick Bell

Bell's Adm'r v. Nichols.

in 1821, in North Carolina; were given by him, by verbal gift, to his grand-daughter, Elizabeth Bullock, who was then an infant, residing with her father, W. K. Bullock; were brought to this State by said Bullock, in 1835, and continued in his possession, until the 19th March, 1850, when he conveyed them, by deed of trust for the benefit of his creditors, to W. H. Dandridge and another as trustees; were sold by the trustees, under the deed, and were purchased at their sale by the defendant. Bell died, in North Carolina, in 1845, and, by his last will and testament, bequeathed the said slaves to his said grand-daughter. His will was duly admitted to probate in North Carolina, and letters testamentary thereon were granted to Russell Chapman, as executor, in February, 1846; but the will was never probated in this State until 1859, when the plaintiff qualified as administrator *de bonis non*. The slaves were never in North Carolina after their removal by Bullock in 1835, and were not included by the executor in his inventory. The plaintiff reserved exceptions to the ruling of the court in allowing Bullock to testify as a witness for the defendant, and to the charge to the jury as to the effect of an assent to the legacy by the executor in North Carolina while the slaves were in Alabama; and these rulings of the court are now assigned as error.

T. REAVIS, for appellant.

No counsel appeared for the appellee.

STONE, J.—Among the uncontroverted facts of this case are the following: That some time before his death, Frederick Bell, then a resident of the State of North Carolina, made and executed his last will and testament, which was probated and admitted to record in that State, in February, 1846: That Russell Chapman, the executor therein named, qualified at the same time as executor, and entered upon the execution of said will: That the slaves sued for were then in the possession of one Whitwell K. Bullock, in the State of Alabama, and remained in his possession until

1850, or later : That, however said Bullock may have held said slaves until March 19th, 1850, his holding, and that of those who claim under him, then became clearly adverse and in his own right, by force of the conveyance he then made of said slaves as his own property : (*Graham v. Davidson*, 10 Iredell Law, 248 ; *Bryan v. Weems*, 29 Ala. 427–8 :) That the administrator *de bonis non*, with the will annexed, the present plaintiff, did not prove said will, nor qualify as administrator, until 1859, much more than six years after the above assertion of adverse ownership by Mr. Bullock ; and that this suit could not have been commenced, and was not commenced until after that time. Upon these plain, uncontroverted facts, it is clear that the statute of limitations of six years operated a complete bar to the present action, under the principle laid down in the case of *Manly's Adm'r v. Turnipseed*, 37 Ala. 522. We held in that case, that the foreign executor or administrator had, under our statute, a right to sue for assets in our courts ; and there being a person capable of suing, the statute would run without the appointment of an administrator in this State. We deem it unnecessary to repeat the argument.

[2.] This principle demonstrates that the plaintiff never can recover in this action ; and we will not, therefore, notice the special exceptions taken below, and argued here. Those exceptions could not affect the main question in this cause, noticed above ; and hence we need not decide the points presented by them.

The judgment is affirmed.