## UPHAM vs. DODD.

A landlord, under sec. 14, ch. 100, *Dig., p.* 685, has a lien upon the crop grown upon his land, which he may enforce in the mode pointed out by the statute in preference to all other claims against the tenant; but he has no title to such crop or any part of it by virtue of such lien.

A sale of a certain quantity of lint cotton—part of an unginned crop—neither delivered, separated from the bulk, marked or otherwise identified, is but an agreement to sell and deliver that quantity; and the vendee acquires no title to the property under such contract. (*Beller vs. Block*, 19 *Ark.*, 567.)

*Appeal from Woodruff Circuit Court.*

Hon. L. B. MACK circuit judge.

J. H. PATTERSON and GARLAND & NASH, for appellant.

1. We take it, there was no evidence at all showing any sale of the cotton—no specifying the property—no delivery; but a mere general agreement that Dodd was to have some cotton, but it was not pointed out, marked or delivered. According to the rule laid down in *Beller vs. Block*, 19 *Ark.*, 566, there was in truth no sale of the cotton so as to give Dodd title to it. And see *Pothier on Contracts of Sale*, 190 *et seq.* (§ 307 *et seq.*)

2. If he had not the property in himself, he had only a lien on it by virtue of his being the landlord of Elder, and this would, in no event, give him a right to the property, but merely a lien on it. So, in any event, the finding of the jury was incorrect. No property could be adjudged in him (Dodd,) and therefore no damages could be found. *Gould's Dig., p.* 685, *sec.* 14, *chap.* 100; *Acts* 1860–61, *p.* 101, 2.

3. The first instruction of Upham should have been given. It but spoke the law when it said if Dodd agreed to take certain property in payment he waived his lien. If he relied on his special contract in payment of his claim for rent, the lien is at an

36

end.   See *Cross on Lien,* 9 *Law Lib. p.* 44* *et seq.;* 16 *Ves.* 279;
1 *Parsons on Con.* 681 *n.* (*a*), *Adams Eq.* 128-9* (3 *Amer. Ed.*)
3 *J. J. Marsh.*, 553.

4. The second instruction should also have been given.   It but
recognizes the doctrine that in all proceedings under a statutory
remedy, the statute must be strictly followed.   *Hardeman vs.
Shumate Meigs, Rep.* 398, 403; *Lawrence vs. Jenkins,* 7 *Yerg.*,
494-7; *Edwards vs. Davis,* 16 *J. R.* 281.

Then if Dodd relies upon a sale of two bales of cotton he fails
in his proof, as there was no such sale as the law contemplates.
If he stands on his lien he has not pursued it as the law directs
and his judgment is illegal.

WATKINS & ROSE for appellee.

I. By express law every landlord has a lien on the crop grown
on the demised premises in any year.   *Gould's Dig., p.* 685.
It is the essence of a lien that the party claiming it has the pos-
session of the chattel upon which the lien exists; 5 *Ham.*, 88.
Property in the hands of a third person having a claim thereon is
not attachable in a suit against the general owner. . 1 *Gallis.*,
419.

On the above propositions it was immaterial whether there
was a sale of the cotton to Dodd or not.   If there was no sale,
Dodd's right by virtue of his lien as against Upham's attachment
is unquestionable.   If there was a sale then the verdict is right.
In regard to the objection to the sale that there had been no
delivery, it is sufficient to say that delivery was unnecessary,
because in legal contemplation it was already in the possession
of Dodd by virtue of the statutory lien.   To insist on a delivery
in such a case would be a work of supererogation.

II. The instructions asked for on behalf of Upham were properly
refused.

The first instruction is founded on a supposed waiver of the
lien by agreement to receive "certain property" in payment.

There was no waiver or abatement of the lien on the cotton

because the "certain property" happened to be this same cotton upon which Dodd already had a lien by statute, and as to that there was no relinquishment of possession—no additional security taken, nor other constructive abandonment of lien.

As to the last two instructions they were properly refused, as the landlord has his option to elect a legal or equitable remedy; and because no one particular mode is prescribed by the statute to the exclusion of others. Furthermore this is not a proceeding to enforce a landlord's lien—it is a proceeding by interplea under the statute.

Mr. Chief Justice WALKER delivered the opinion of the court.

The material facts in this case may be thus briefly stated. Dodd, the owner of a plantation in Woodruff county, rented part of it to one Elder, under an agreement to furnish Elder with a team and implements for farming, and supplies of subsistence— Elder to cultivate the land and to give to Dodd one half the crop raised. That with the exception of twenty-five bushels of corn, Dodd furnished nothing, and refused to do so; told Elder that "he would not make any thing any how, and that he (Elder) would have to take the crop and do the best he could with it:" That Elder thereupon applied to Upham and obtained from him supplies; that being left without a horse, he procured and used an ox in plowing the crop. After the crop of cotton (less than four bales) had been picked and housed in the seed, (except about two hundred pounds of seed cotton which was afterwards picked and housed with the crop,) Upham sued out an attachment against Elder, and had the cotton, then housed upon the land of Dodd, but in possession of Elder, attached. On the morning of the day the attachment was levied, but before the levy, Dodd came to Elder and made an agreement with him, that Elder, for the use of the land, was to let Dodd have two bales of lint cotton, not to weigh less than 485 pounds each. That no delivery of the cotton was made, nor any part of it set apart to him.

Dodd appeared in court, and under the statute, was permitted

to file his interplea; in which he set forth that the cotton attached was his property; to which the plaintiff, Upham, answered that the cotton attached was the property of Elder, and not his, Dodd's. This issue was submitted to a jury, and verdict and judgment for Dodd. A motion for new trial was overruled, Upham excepted and has brought the case here by appeal.

The whole question at issue turns upon the right of property in the cotton under the state of case thus presented.

As landlord, there can be no question but that Dodd, under the provisions of the 14th *section of the statute, Dig., page* 685, held a lien upon the crop of cotton grown upon his land, and had an unquestionable right to subject it to the payment of the debt for rent, in preference to all other claims against Elder, (the tenant.) But however perfect this lien may be upon the property, it vested in Dodd no title whatever to the property itself. It was still Elder's property, subject, however, to Dodd's lien under the statute, and in the mode there pointed out. In the case of *Davis vs. Parks*, reported in 6*th Yerger R., p.* 252, suit was brought by the landlord against one who had purchased cotton from his tenant, claiming title to it as landlord under a statute lien, much like that given by our own statute. CATRON, Chief Justice, who delivered the opinion of the court, said that the landlord could not maintain his action against the purchaser of the cotton; that the title to the cotton did not vest in him by reason of his lien upon it; that if such were the effect of the lien, even the miller who took toll for grinding, or the owner of a gin, for picking cotton, might be subjected to suit. But that such lien may be enforced by judgment and execution against the tenant, and that a levy of execution, when made, shall have precedence over all other debts for the length of time given by the statute. In the case of *Hardeman vs. Shumate*, 1 *Meigs Rep.*, 398, the same question came up and the former opinion of the court was reviewed and affirmed. The court held that "the landlord had no property in or right to the crop grown by his tenant, and could maintain no action grounded upon any taking of, or trespass to it: that the landlord's debt is

entitled to satisfaction out of the crop growing, precedent to all other debts of the tenant, and this precedence is preserved by bringing suit for the debt within the three months after the debt falls due, and prosecuting it to judgment, the lien of which judgment and the execution thereon take date from the day the rent fell due."

Such, in our opinion, would have been the rights of Dodd in this case, under our statute, admitting it to be true, as contended for by the appellee's counsel, that there existed a lien in this case upon the crop of cotton in favor of Dodd.

But it is insisted, that if in this counsel should be mistaken, still Dodd, by virtue of his contract with Elder, became the owner of two bales of the cotton, and that, to that extent at least, the cotton levied upon was his.

There is no conflict in the evidence, with regard to the terms of the agreement between Dodd and Elder with regard to the cotton. The question is; whether it was so separated from the bulk of the cotton, marked, or otherwise identified, as to distinguish it as his, or delivered. We think not. From the then condition of the cotton, most of which was seed cotton in the bulk, the balance in the field unpicked, considered in connection with the acts and declarations of the parties, and the contract made between them, it is apparent that something remained to be done before the sale was consummated. The cotton was in the seed, yet the contract was not for seed cotton, but for two bales of lint cotton baled, the bales to weigh 485 pounds. It was in bulk, not separated, and yet the contract was for a specific quantity. It is not pretended that any amount of cotton whatever was either set apart or delivered. The most that can be made of the contract is, that it was an agreement to sell and deliver a certain amount of ginned cotton—two bales at given weights. Under such a contract Dodd acquired no title to the property.

This question was considered and definitely settled by this court in the case of *Beller vs. Block*, 19 *Ark. Rep.*, 567, in which it was held: "That no sale is complete so as to vest in the vendee

an immediate right of property so long as any thing remains to be done between the buyer and seller in relation to the goods. The goods sold must be separated and identified by marks and numbers, so as to be completely distinguished from all other goods, or from the bulk · or mass with which they happen to be mixed."

From this view of the questions of law presented for our consideration, it is evident that the court erred in the instructions given to the jury. The distinct issue to be tried by the jury, was, whether the property upon which the attachment was levied, was the property of Dodd, the claimant, or Elder, the defendant in the attachment suit. And as we have seen that Dodd could acquire no such title to the property by force of a mere lien upon it, as to entitle him to recover it as his own, and that he acquired no title by his contract of purchase, there remains no shadow of ground upon which either of the instructions, or the finding of the jury, can rest.

Judgment reversed.