## J. L. & W. G. BROWNING *vs.* HAMILTON, USE OF STEWART.

### [ACTION FOR CONVERSION.]

1. *Personalty ; what necessary to make a valid sale of, in respect to identity.*— The full legal title to personalty does not pass by a contract of sale, where the identity of the property contracted to be sold is not ascertained by the contract, nor capable of identification by parol evidence.

2. *Action for conversion will not lie in this case.*—The written instrument, and the evidence adduced in this case, do not so identify thirty bales, or fifteen thousand pounds of cotton, as to invest the appellee with a title, under which he can maintain an action for their conversion.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. JAMES COBBS.

THIS was an action for the conversion of thirty bales of cotton, brought by William B. Hamilton, for the use of Charles D. Stewart, against J. L. & W. G. Browning, the appellants in this case.

In the course of the trial below the plaintiff introduced, as part of his evidence, having proved the same, a written instrument, of which the following is a copy, to-wit:

" Received, Dayton, Ala., April 1st, 1865, of W. B. Hamilton, eleven thousand two hundred and fifty dollars, in full payment of thirty bales of cotton, this day sold to him, weighing (15,000) fifteen thousand pounds ; said cotton to be of middling quality, and to be baled in bagging and rope ; and we bind ourselves to keep said cotton well stored, where it will be protected from injury by stock, or weather, and to deliver the same at Prairie Bluff, on the Alabama river, upon receiving reasonable notice to do so, by the said Hamilton or his authorized agent. It is understood that the said Hamilton takes all risks to said cotton, by reason of raids from the public enemy, and all other risks, except such injuries and accidents as could, or might

be prevented, by the usual, customary care, which planters are in the habit of giving to their cotton; and to mark the initials of said Hamilton thus: ' W. B. H.'

(Signed)             J. L. & W. G. BROWNING.

Witness:

THOMAS J. WOOLF."

There was no proof going to show that any specific thirty bales of cotton had been set apart, or separately marked, or designated for said Hamilton, as the cotton called for in the foregoing instrument; nor any delivery of possession of thirty bales, or any part thereof, from the Brownings to Hamilton, at the time said paper was executed, or afterwards, and before suit brought, except the instrument itself.

There was proof offered by the defendant going to show that the thirty bales, or fifteen thousand pounds of cotton mentioned in said instrument, was a portion of a larger mass of unginned cotton, lying in bulk, in the seed, at the gin house of the defendants, at the time, and for some six months after said writing was executed. This testimony was ruled out by the court below, upon the ground, as the court decided, that it went to contradict, or vary the written instrument. To this defendant excepted.

A variety of questions were raised as to the validity of a United States revenue stamp placed upon the instrument, during the trial, and many rulings of the court below were excepted to by defendants, but as the decision of this court turns altogether on the point already presented, they need not be noticed.

A verdict and judgment was given for the plaintiff below, from which the defendants appealed.

CLARKE & LYON, WILLIAM M. BROOKS, for appellants.

F. S. LYON, contra.

BYRD, J.—1. The authorities are nearly uniform in holding that the legal title to personalty does not pass by a contract of sale where the identity of the property con-

tracted to be sold is not ascertained by the contract, nor capable of identification by parol evidence.

If the property, the subject of the sale, is an undivided part of a species which is capable of separation, its identification is not such as the law requires in order to transfer the legal title by a sale. Until it is separated from the bulk, the title remains with the seller; and if lost, as a general rule, he must bear the loss; but when separated, the title passes, unless there is some stipulation which prevents; and if lost, though the possession is with the seller, the loss falls on the buyer, unless the loss is occasioned by some illegal act or omission of the seller.

The doctrine above stated is maintainable upon reason and authority.—(*Screws v. Roach*, 32 Ala. 575; *Wallace v. Breeds*, 13 East, 522; *Austin v. Craven*, 4 Taunt. 644; 1 Par. on Con., § 441, *et seq.*)

In the case before us the contract and evidence do not so identify the thirty bales of cotton or the fifteen thousand pounds sold, as to transfer the title to the appellee. And in the absence of such identification, the action of trover can not be sustained, and the purchaser must resort to an action on the contract for redress.

As the other questions raised in the bill of exceptions are not likely to be presented in the same form on another trial, in this or a different suit, if one is brought, it is unnecessary to express any opinion upon them.—*Bell's Adm'r v. Nickols*, 38 Ala. 678.

Reversed and remanded.