CORNELIUS S. KEELER *vs.* HERSEY B. GOODWIN & another.

A. sold B. a thousand bushels of grain, part of a larger quantity lying in bulk on storage in a warehouse, and gave him an order on the warehouseman therefor. B. did not pay for the grain, but, for value, indorsed and delivered the order to C., who did not know that B. had not paid for the grain. Before the order was presented to the warehouseman, B. had become insolvent, and A. had countermanded the order, and he afterwards removed the grain. *Held*, that C. could not sue A. for conversion of the grain, although there was a usage in the grain trade to consider an order on a warehouse as a delivery.

TORT against Hersey B. Goodwin and Joseph H. Locke, for conversion of 1000 bushels of corn. Writ dated November 7, 1870. At the trial in the Superior Court, before *Lord*, J., the following facts appeared:

On September 29, 1870, Wesley P. Balch bought 1000 bushels of corn from the defendants, to be paid for in cash in ten days, and the defendants gave him an order on the warehouse where the corn was stored, being then parcel of a larger quantity lying in bulk. On October 1, Balch indorsed and delivered the order to the plaintiff as security for a lien. The plaintiff did not then know that the corn had not been paid for, but Balch never paid for the corn, and, within ten days from September 29, became insolvent. About fifteen days after receipt of the order the plaintiff presented it to the warehouseman and demanded the corn. Delivery was refused for the reason that the order had been countermanded by the defendants; and before this suit was brought the defendants took the corn away. The order was never presented to the warehouseman, except as above stated.

The plaintiff offered evidence tending to prove a usage in the grain trade to treat an order on a warehouse as a delivery.

The judge ruled that the action could not be supported, and directed a verdict for the defendants, which was returned. The judge reported the case for the determination of this court; if the ruling was correct, judgment to be entered for the defendants unless the plaintiff could maintain his action by an amendment if the ruling was erroneous, the verdict to be set aside and a new trial ordered.

*S. J. Thomas*, for the plaintiff.

*A. Churchill & J. E. Hudson*, for the defendants.

WELLS, J. There are two fatal difficulties in the way of recovery by the plaintiff.

1. To maintain an action of trover, in favor of one who has never had possession, there must be proof both of title and right of present possession. *Fairbank* v. *Phelps*, 22 Pick. 535. *Winship* v. *Neale*, 10 Gray, 382. *Landon* v. *Emmons*, 97 Mass. 37.

Here was a contract of sale of 1000 bushels of corn, "parcel of a larger quantity lying in bulk." Until separation in some form, no title could pass. *Young* v. *Austin*, 6 Pick. 279. *Merrill* v. *Hunnewell*, 13 Pick. 213. *Scudder* v. *Worster*, 11 Cush. 573. *Weld* v. *Cutler*, 2 Gray, 195. *Ropes* v. *Lane*, 9 Allen, 502, 510 ; *S. C.* 11 Allen, 591. That it was on storage with a third party, as warehouseman, would make no difference in this respect.

Delivery of the order upon the warehouseman authorized him to make the separation or appropriation necessary to complete the sale by giving to the contract its intended effect upon the specific property covered by it. If that had been accomplished, either by actual separation, or by appropriation to the use or credit of the purchaser, in the usual mode of transacting the business of the warehouse, he would have acquired title, right of possession and constructive possession of the grain so purchased. *Cushing* v. *Breed*, 14 Allen, 376.

But until some act takes place by which the relations of the warehouseman, in respect to the property in his custody, are modified in accordance with the contract of sale, so that he may be considered as bailee for the seller and purchaser respectively, according to their several interests, and thus released, *pro tanto*, from his original liability to the seller alone, there is no such appropriation of the grain sold as will ripen the interest of the purchaser into title and right to the possession of any specific portion of the bulk. Whether the assent of the warehouseman is necessary to the imposition of this twofold relation upon him, or whether presentation of the order alone, or notice of the sale would be sufficient, we need not now determine, because there was neither in this case, until after the authority of the ware-

houseman to make the appropriation had been revoked. The purchaser therefore never acquired any title or right of possession, and could transfer none, and consequently no right of action, to the plaintiff.

2. But regarding the sale and order for delivery as sufficient to make it effectual to pass the title as between the parties, still until actual and full delivery the seller is not deprived of his right to insist upon his lien for the price. Delivery to a carrier for transportation to the purchaser is sufficient to pass the title, and authorize the carrier to complete the delivery and make it absolute. But until so made absolute the seller may revoke his authority, and thus intercept the transmission, restore himself to possession, and retain his lien.

The same principle applies in all cases of inchoate delivery, by whatever mode of transmission of possession. Until the delivery is actual and absolute, the seller may suspend it, and revoke the authority of any intermediary to perfect it. *M'Ewan* v. *Smith*, 2 H. L. Cas. 309. *Griffiths* v. *Perry*, 1 E. & E. 680. *Rowley* v. *Bigelow*, 12 Pick. 307, 312. *Mohr* v. *Boston & Albany Railroad Co.* 106 Mass. 67. The insolvency of Balch, the purchaser, was a sufficient justification for so doing, even if the sale was an unconditional one upon a credit of ten days. *Arnold* v. *Delano*, 4 Cush. 33. *Stubbs* v. *Lund*, 7 Mass. 453. *Naylor* v. *Dennie*, 8 Pick. 198. *Judgment for the defendants.*