# Frank Hahn and another v. August Fredericks.

*Sales: Delivery: Measurement: Separation: Title.* An agreement for the sale of two hundred cords of hard wood at a specified price, to be taken out of the first six tiers, and so much as should be required of the seventh tier, of a pile of three hundred and fifty or four hundred cords of hard and soft wood piled together, with the soft wood scattered all through the piles, to be removed by the purchaser, and to be measured as taken and the soft wood thrown out, is held not to constitute a completed sale or to transfer the title to any specific portion of said wood, so as to authorize the vendor to recover the purchase price upon the destruction of the wood by fire.

*Submitted on briefs July 17. Decided October 7.*

Error to Houghton Circuit.

*Hubbell & Chadbourne* and *Pond & Brown* for plaintiffs in error.

*Chandler & Grant* for defendant in error.

CAMPBELL, J.

Fredericks sued the Hahns to recover the price of certain wood, which was destroyed by fire before it had been removed by the purchasers. The only question is whether the sale had been completed and the title passed before the fire.

The wood bargained for was two hundred cords of hard wood out of a pile of between three hundred and fifty and four hundred cords, in which was a small amount of soft wood, not piled by itself, but scattered through the other wood. It was all piled in tiers upon Portage Lake, the six rows nearest the lake containing by original measurement about two hundred and one cords, of which it was estimated there were eleven or twelve cords of soft wood. It is claimed that by the terms of purchase two hundred cords were to be taken from the first six tiers, and the seventh tier, to be removed by the purchasers after the opening of navigation, and to be measured by the purchasers. The price was fixed at three dollars and eighty cents per cord. The purchasers declined to take it at the original measurement.

In the spring, when there was some danger of the wood nearest the lake floating off, the evidence tends to show that Fredericks informed Hahns of the danger, and at their request procured two scow loads to be taken to Houghton to their dock, at their expense. It was measured when unloaded, and they took both hard and soft,—the latter at a less price. The remainder was burned shortly after by an extensive fire that ran through that neighborhood in June, 1873.

The action was not brought for the breach of an executory bargain, but to recover the price of the wood upon a completed sale; and the jury found for plaintiff below on that theory. Both parties stand in equal equities, and the decision of the cause rests upon the question of law.

The facts upon which there is no variance were, *first,*

that the price was fixed; *second,* the number of cords to be taken; *third,* that the purchasers were to remove it; *fourth,* that they were not to take the soft wood; *fifth,* that the hard wood was to be measured on the scow as removed from the piles; and, *sixth,* that until such measurement it could not be ascertained how much of the seventh pile would be needed.

The jury, in answer to a charge and question, found that plaintiff gave defendants below possession of the seven piles nearest the lake; but there is nothing in the testimony that legally tends to show any such thing, any further than it might be inferred from the agreement, that they would have a right to take the wood therefrom. No actual or symbolical possession is shown to have been given or taken. Nor is it clear that this would signify, in the absence of other important facts.

The principal question in the case seems to be, whether the sale actually attached to any two hundred cords which could be identified before the fire.

It is not claimed, and there is nothing to warrant the notion, that the contract was intended to be severable, or to attach to any thing less than two hundred cords of hard wood, and of no other wood. There was no sale of the first six piles as they stood, or of the hard wood in the first six piles, independent of so much more as would fill up the measure.

Until an actual measurement, which was to be made when the hard wood was removed from the piles and as it was placed on the scows, it is evident that there could be no parcel identified to which a sale could attach as complete. It was a bargain for a parcel yet to be measured out of a larger parcel of various qualities, and of an extent not determined. The original measurement was, under this contract, of no importance.

We have found no authority which recognizes such a transaction as a completed sale. It was not a sale in gross

30 MICH.—29.

of an entire parcel of wood, where the measurement was only necessary to ascertain the quantity, as in *Adams Mining Co. v. Senter, 26 Mich., 73.* Here the measurement was necessary to complete the identification, and to determine what wood was to belong to the purchaser. Under such an arrangement it is well settled that no title passes to any portion of the property until it has been measured and thus identified and severed from the rest.—*Dunlap v. Berry, 4 Scam., 327; Courtright v. Leonard, 11 Iowa, 32; Young v. Austin, 6 Pick., 280; Merrill v. Hunnewell, 13 Pick., 213; Mason v. Thompson, 18 Pick., 305; Scudder v. Worster, 11 Cush., 573; Simmons v. Swift, 5 B. & C., 857; Rugg v. Minett, 11 E., 210; Shepley v. Davis, 5 Taunt., 617.*

This case is distinguishable in some respects from any case heretofore decided by this court, but rather by its facts than by the principles involved. The requisites for a completed sale have been somewhat considered in *Whitcomb v. Whitney, 24 Mich. R., 486,* and *Adams Mining Co. v. Senter, 26 Mich. R., 73,* where title passed to property identified; in *Lingham v. Eggleston, 27 Mich., 324,* where it was held not to pass to property identified in gross, because not inspected and identified by quality and quantity which were necessary to fix prices; and in *Ortman v. Green, 26 Mich. R., 209,* and *First National Bank of Marquette v. Crowley, 24 Mich. R., 492,* where there was no sufficient identification, and therefore no title given.

There seems to be no foundation anywhere for declaring any thing to be a completed sale where the property is to be subsequently identified by separation and measurement out of a larger quantity, and cannot be known till so measured.

As the property was destroyed, it is simply a controversy as to who shall bear the loss. Several of the cases cited on the argument arose out of similar misfortunes, and it is clear it must fall on the actual owner, whose rights cannot be enlarged or diminished by the accident.

HAHN *v.* FREDERICKS.

The judgment below must be reversed, with costs, and a new trial granted.

The other Justices concurred.