FRANKLIN LAWRY *vs.* SYLVESTER ELLIS, and another.

Penobscot. Opinion June 23, 1893.

*Sales. Place. Officer. Execution. Delivery.*

The general rule is that the sale of personal property by an officer on execution must be had where the property is situated, or so near, that those present at the sale can examine it.

Where there is a sale of a portion of a larger mass of unpressed hay, or of property of like character, and no separation is made of the portion sold, and no delivery is made of any portion of it to the vendee, he has not such title as will sustain an action of replevin.

ON EXCEPTIONS.

This was an action of replevin of ten tons of hay claimed to have been bought by the plaintiff at a sale on execution against the defendant Ellis. Plea, general issue and brief statement that the hay was the property of the other defendant, Pierce, and not the property of the plaintiff.

At the conclusion of the plaintiff's testimony, the court ordered a nonsuit, and he took exceptions.

The case is stated in the opinion.

*C. A. Bailey*, for plaintiff.
*J. B. Peaks*, for defendant.

LIBBEY, J. Replevin of ten tons of hay. The pleadings put the title of the plaintiff in issue. After the plaintiff introduced his evidence and stopped, a nonsuit was ordered by the court, and the case is here on plaintiff's exceptions to that order; and the question is whether the plaintiff proved sufficient title and right of possession to maintain his action when it was commenced. We think not.

The facts as shown by the return of the officer and by his testimony are as follows: On the 17th day of October, 1891, plaintiff put into the hands of Smith, constable of Charleston,

the execution in evidence against the defendant Ellis for service, and on the same day Smith went into Ellis' barn, in Charleston and claimed to take "a mow of hay, all the hay there is in the bay, in the north side of said Sylvester Ellis' barn," estimated by him to be eighteen tons. All he did was to put his hand on the posts and say he seized the hay, and then went away leaving it in the possession of Ellis as it was before. On the 24th of October he advertised it for sale at the house of Franklin Lawry, about a third of a mile from the Ellis barn, on the 27th of October, and at the place and time appointed he sold ten tons of the hay, "to wit: ten tons from the top of said mow to said Franklin Lawry," the plaintiff, for three dollars per ton.

The general rule is that the sale of personal property by an officer on execution must be had where the property is situated; or so near that those present at the sale can examine it. There are exceptions, (*Phillips* v. *Brown*, 74 Maine, 549,) but there is nothing in this case to bring it within any exception. In the sale of hay from a mow in a barn it is important that those desiring to purchase should have an opportunity to examine it and determine its quality. There was no such opportunity in this case, which may account for the small price bid for it, hardly sufficient to pay the expense of harvesting.

Another objection is urged by the counsel for the defendant, that by the officer's return and the testimony no title passed to the plaintiff to any portion of the hay for want of a delivery. It is said that the attempted sale was a portion of the mow of hay, ten tons off of the top; and that was not separated from the mass; that, in fact, no hay was present or in sight at the sale and no attempt of delivery of any kind was made by the officer, and that it does not appear that the plaintiff ever saw the hay till taken and delivered to him by the officer who served the writ in this case.

This appears to us to be fatal to the right of the plaintiff to maintain this action. Where there is a sale of a portion of a larger mass of unpressed hay, or of property of like character, and no separation is made of the portion sold, and no delivery

is made of any portion of it to the vendee, he has not such title as will sustain an action of replevin. *Stone* v. *Peacock*, 35 Maine, 385 ; *Morrison* v. *Dingley*, 63 Maine, 553 ; *Ropes* v. *Lane*, 9 Allen, 502 ; *Scudder* v. *Worcester*, 11 Cush. 573 ; *Keeler* v. *Goodwin*, 111 Mass. 490.

*Exceptions overruled.*

EMERY, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred. PETERS, C. J., did not sit.