PEOPLE *v.* DE GROOT.

111    245
s69ᴺᵂ 248
131    ²402

1. INTOXICATING LIQUORS—PLACE OF SALE.

 Where orders for beer are taken by an agent at A. and sent
 to the principal at B., and the goods are shipped in gross to
 the agent, who delivers the same and collects the money
 therefor, the sales are made at A.

2. SAME—LIABILITY OF AGENT.

 One who sells liquor as agent of a corporation which has not
 paid the tax or filed the bond required by law may be in-
 formed against as principal.

Exceptions before judgment from Ottawa; Padgham,
J. Submitted November 17, 1896. Decided December
18, 1896.

Auke De Groot was convicted of a violation of the
liquor law. Affirmed.

*Henry J. Felker*, for appellant.

*Fred A. Maynard*, Attorney General, and *Arend
Visscher*, Prosecuting Attorney, for the people.

MOORE, J. The respondent was charged with a viola-
tion of the liquor law at the village of Zeeland, in Ottawa
county. The undisputed facts are that the respondent
had paid no tax in Ottawa county, and had filed no bond
there. He claimed to be acting as the agent of the
Grand Rapids Brewing Company, which had its place of
business in Grand Rapids, Kent county. This company
had paid no tax, nor had it filed a bond, in Ottawa county,
though it had done both in Kent county. The respond-
ent took orders from various persons for beer in quanti-
ties of eighth or quarter barrels, and not for less amounts.
When he had obtained a sufficient number of orders, he
sent them to the brewing company, who forwarded to

him at Zeeland as many eighth or quarter barrels of beer as his order called for. Between November 12, 1895, and February 6, 1896, it had forwarded to him 97 quarter barrels and 64 eighth barrels, all of which were consigned to the respondent, or to the Grand Rapids Brewing Company, care of A. De Groot. None of them were consigned to the individuals who gave the orders. When the beer arrived at Zeeland, the respondent took it to his place of business, and, if the weather was warm, put the beer in his ice box, and, if the weather made it necessary, put the beer in his cellar, and delivered it to the persons who had ordered it when they called for it, collected the pay, and forwarded it to the company. He was paid by the month for his work. It is his contention that these acts do not constitute a violation of the law; that he was simply acting as agent for the brewing company; that it filled the orders at Grand Rapids, and that the sale was at Grand Rapids, and not at Zeeland; that the sale was made by the brewing company, and not by respondent.

We do not think this contention can be sustained upon any theory. The Grand Rapids Brewing Company did not select from its stock any particular eighth or quarter barrel, and consign it to the individual who had given an order for it, thereby separating any given eighth or quarter barrel out from all the rest, so that it could be identified as the property of the individual. Had any of this beer been lost or destroyed on its way to Zeeland, its loss would not have fallen on any of the individuals who had given orders to Mr. De Groot, and, so far as they are concerned, no sale was made to them in Grand Rapids, but it was made to them in Zeeland, if made to them at all. *Perkins* v. *Dacon*, 13 Mich. 81; *Hahn* v. *Fredericks*, 30 Mich. 223. So far as the individual orders were concerned, they were taken and filled, and payment thereon made, and the sale was made, at Zeeland.

For the purposes of this case it is not necessary to decide whether the sales which were made by Mr. De

Groot were made by him as principal, or as agent of the Grand Rapids Brewing Company. Neither of them had paid the tax or filed the bond required by law in Ottawa county. It has been decided by this court that one who sells as agent of a corporation which has not complied with the law may be informed against as principal; and whether his sales were made as agent of the brewing company or for himself, he would alike be guilty. *People* v. *Soule*, 74 Mich. 250.

The conviction is proper, and the court below is directed to proceed to judgment thereon.

The other Justices concurred.