Hawkins *v.* State.

Opinion delivered November 29, 1920.

LARCENY—ALLEGATION OF OWNERSHIP IN TENANT.—Where a tenant was to raise a crop and pay a portion of the proceeds as rent, title to the crop was in the tenant, so that the ownership of the crop was properly alleged to be in the tenant in an indictment for larceny of a portion of it.

Appeal from Woodruff Circuit Court; *J. M. Jackson,* Judge; affirmed.

*E. M. CarlLee,* for appellants.

The indictment alleges ownership of the cotton in Fred Raspberry. Allegations of ownership in an indictment for larceny must be proved as alleged. 73 Ark.

33. There was a fatal variance in the proof from the allegations in the indictment, and part of the oral instruction given by the court is clearly erroneous. 108 Ark. (*Brown* v. *State*). A verdict for defendants should have been given. The names of the owners of the cotton were not alleged in the indictment so as to enable the court to pronounce upon the conviction according to the rights of the case, and they can again be placed jeopardy for the same offense.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. The exceptions to the instructions were *en masse* and can not avail unless all of them were erroneous. 40 Ark. 413; 133 *Id.* 68. The instructions really state the law, and there was no error. 140 Ark. 413. Furthermore, the exceptions do not call attention of the court to the failure to give the instructions and are not preserved in the motion for new trial. 114 Ark. 415.

2. There was no error in refusing to direct a verdict. 24 Ark. 545; 134 *Id.* 107-8. The evidence certainly sustained the charge in the indictment.

HUMPHREYS, J. Appellants, Rison Hawkins and Lieutenant West, were indicted, tried and convicted in the Woodruff Circuit Court, Northern District, of the crime of grand larceny, and the punishment of each was assessed at one year in the penitentiary. From the judgments of conviction appeals have been duly prosecuted to this court. The indictment charged them with unlawfully and feloniously stealing, taking and carrying away of 1,700 pounds of seed cotton of the value of $170, the property of Fred Raspberry. The facts revealed that Fred Raspberry rented the land from Mr. Stanley for the year 1919; that he was to pay one-fourth of the proceeds of the crop of cotton as rent for the use of the land; that he was to haul the cotton to the Augusta Mercantile or People's Gin to be ginned and baled; that, when sold, the merchant was to retain one-fourth of the proceeds for Mr. Stanley and pay Fred Raspberry the re-

maining three-fourths; that, on the 7th or 8th day of November, 1919, in compliance with the rental contract, Fred Raspberry took 1,700 pounds of lint cotton raised on Mr. Stanley's place to the aforesaid gin; that, the hour being late, the wagon was driven under a shed, where, during the night, the seed cotton was stolen by appellants.

Appellants contend that, under the facts stated, the title to the seed cotton was in Mr. Stanley and Fred Raspberry jointly, and not in Fred Raspberry alone, as alleged in the indictment; that the failure to allege ownership in both created a fatal variance between the allegation of ownership in the indictment and the proof. The soundness of this contention must depend upon the correct interpretation of the rental contract. Under the terms of the contract, Fred Raspberry was to raise the cotton and pay Mr. Stanley one-fourth of the proceeds derived therefrom, as rent for the use of the land. This constituted an ordinary tenancy. *Birmingham* v. *Rogers,* 46 Ark. 254. The law is well settled that in an ordinary tenancy the title to the property is in the tenant and not in the landlord; that the extent of the landlord's interest is a lien upon the crop for the payment of his rent. *Upham* v. *Dodd,* 24 Ark. 545. The title to the seed cotton was therefore in Fred Raspberry, the tenant, and not in Mr. Stanley, the landlord. For that reason, it was proper to allege the ownership in Fred Raspberry. No variance existing between the allegation and the proof of ownership, the judgment is affirmed.