FREDERICK W. BURNHAM *vs.* TOWN OF TEMPLETON.

Worcester. September 26, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Practice, Civil,* Amendment. *Tax,* Payment under protest.

In an action commenced against a town within three months after the payment of a tax by the plaintiff, who sought to recover the tax and alleged in his declaration that it was illegal and was paid "under protest," it was within the discretionary power of the trial judge to allow a motion, filed by the plaintiff after the expiration of such three months, to amend the declaration by adding an allegation that the tax was paid after a written protest signed by him.

An unsigned statement written on the back of a check given to a town by a taxpayer in payment of a tax assessed to him, to the effect that the tax "is paid under protest by . . . the maker of this check," did not constitute "a written protest signed by" the taxpayer within the meaning of G. L. (Ter. Ed.) c. 60, § 98.

CONTRACT. Writ in the First District Court of Northern Worcester dated January 6, 1931.

Proceedings in the District Court before *Warfield,* J., are described in the opinion. The judge found for the plaintiff in the sum of $210.10, and reported the action to the Appellate Division for the Western District. The finding for the plaintiff was reversed and judgment for the defendant was ordered. The plaintiff appealed.

*Henry J. Field,* for the plaintiff, submitted a brief.

*A. E. Livingstone,* for the defendant.

PIERCE, J.   This is an action of contract brought against the defendant in the District Court to recover a certain tax paid by the plaintiff to the collector of taxes of the town of Templeton.   The declaration in substance alleged (1) that the plaintiff is a partner in a named firm of contractors; (2) that the defendant, as of April 1, 1929, illegally assessed the said firm upon certain personal property then in use and physically present in said town; (3) "That demand was made for such tax upon the plaintiff and that, as such partner, he, on October 9, 1930, paid to . . . tax collector, for said town said . . . named amount, in payment of the said illegal tax, then and there so paying same under protest."   The defendant demurred to the plaintiff's declaration, and assigned as cause therefor "that there is no allegation that the tax in question was 'paid . . . after . . . a written protest signed by him.'"   On the same day with the filing of the demurrer, February 18, 1931, the plaintiff filed a motion to amend his declaration in the particular assigned as the reason for the demurrer.   On February 27, 1931, the trial judge, after hearing, sustained the demurrer and allowed the plaintiff's motion to amend the declaration.   As of February 27, 1931, the defendant filed the following "Request for Ruling": "(1) That as a matter of law the court cannot allow . . . [said motion to amend for the reason that it] was not filed within the three months' period after payment of the tax, to wit: October 9, 1930." The trial judge refused to grant the request and the defendant claimed a report thereon.   The defendant answered with a general denial, not waiving its rights under the demurrer.

· A statement of the case was filed by counsel and is annexed to the report.   The trial judge found the facts in substance to be the same as the statement of counsel.   Respecting the alleged payment to the collector of taxes which the plaintiff seeks to recover from the town, the statement of the case and the facts found by the trial judge disclose "That on April 1, 1929, the said shovel and incidental equipment was assessed by the assessors of the

town of Templeton as personal property situated in that town and the tax so assessed was duly committed to Oren R. Williams, tax collector of said town, who duly demanded the tax . . . . Demand having been made upon the plaintiff as a partner of said firm, the plaintiff on October 9, 1930, delivered to said Williams his personal check payable to said Oren R. Williams, collector, as aforesaid, which check was signed by the said Frederick W. Burnham and bore upon its back the following words: 'This check is in payment of taxes assessed to Long, Cross & Burnham on a gas shovel, etc., in Templeton, Mass. and same is paid under protest by the assessed persons and the maker of this check.'" The trial judge made the finding: "In addition to the Statement of the Case, the check . . . was offered by the plaintiff as an exhibit. The only signature on the back of the check was that of Oren Williams as tax collector."

The plaintiff filed certain requests for rulings which were refused by the trial judge. The defendant filed the two following requests for rulings: (1) "That the alleged protest written on the back of the check as shown in statement of facts is not 'a written protest signed by him' in the purview of the statute, G. L. c. 60, § 98"; (2) "That the property was 'situated' in Templeton on April 1, 1929, so as to be taxable there." The trial judge refused to rule as requested, found for the plaintiff in the sum claimed in his declaration, and reported the case to the Appellate Division for determination.

The trial judge had the discretionary right to allow the amendment. The allegation of protest was defective merely in respect to form, evidence being admissible under the allegation to describe the character of it. The Appellate Division ruled that the first request of the defendant should have been given, and in view of this ruling found it unnecessary to decide the second requested ruling. It ordered that judgment of the trial court be reversed and judgment be entered for the defendant. The case is before this court on the appeal of the plaintiff from the "Finding, Decision and Order" of the Appellate Division.

The plaintiff in his brief states that "The single question here is . . . whether such protest was 'signed by him,'" and we consider the case on that footing only. G. L. (Ter. Ed.) c. 60, § 98, reads: "No action to recover back a tax shall be maintained . . . unless commenced within three months after payment of the tax nor unless such tax is paid . . . after . . . a written protest signed by him." In the instant case the alleged payment was made by the delivery and acceptance of a check, on the back of which were words of protest without the signature of the drawer of the check and without any signature other than that of the payee thereof. Because the statute quoted makes no provision in terms as to the location of the signature of the party to the protest, or that the terms of it shall be subscribed, the plaintiff contends that in law the protest is signed if the name of the protestant appears on the back or front of a single paper, provided an intentional connection is intrinsically shown to exist between the subject matter of the face and back of the paper. This would be true of a memorandum required by the statute of frauds, and of the statute of wills, and perhaps in some other instances where a signing is required. *Penniman* v. *Hartshorn*, 13 Mass. 87, 91. *New England Dressed Meat & Wool Co.* v. *Standard Worsted Co.* 165 Mass. 328, 331. *Meads* v. *Earle*, 205 Mass. 553, 556–557. *Smith* v. *Howell*, 3 Stock. 349. The words "signed by the person paying the same" first came into the statute relating to the collection of taxes with St. 1888, c. 390, § 94, entitled "An Act to amend and codify the statutes relating to the collection of taxes." We think the addition of the quoted words shows a legislative intent that the written protest itself should be signed by the party paying the tax, and that the validity of the writing as a protest would not be met by proof of a signature to any other document however closely related, it might be to the writing alleged to be a protest. For the reason stated the refusal of the trial judge to grant the request of the defendants numbered 1 was error. It results that the order of the Appellate Division, *supra*, must be

*Affirmed.*