GEORGE BAUM v. CAROLINA SUNDSTROM

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 46962

Memorandum filed December 10, 1946.

*Charles Weingarten,* of Bridgeport, for the Plaintiff.

*Coles & O'Connell,* of Bridgeport, for the Defendant.

BORDON, J. Under § 104, Practice Book, and under many cases decided by our Supreme Court, the Statute of Frauds may be taken advantage of under a general denial rather than by demurrer. General Statutes, p. 2023, note to §§ 5982, 5983. However, when it appears from the pleadings that it will be impossible for a party alleging an agreement required by the statute to be in writing to offer any competent evidence of the existence of the necessary memorandum, a demurrer will lie. *DeBlasi* v. *DeBlasi,* 114 Conn. 539.

Our problem here is to determine whether the party sought to be charged signed the agreement which is the basis of this suit and also the basis of the defense. The complaint makes the memorandum an integral part thereof by attaching it thereto as exhibit A. The counterclaim attempts to implement the same memorandum in support of affirmative claims. The memorandum discloses the parties to the contract of sale of land, the subject of the sale described, a consideration, the terms of sale and the time and place of delivery of the deed. In paragraph 2 of the counterclaim the defendant alleges that the memorandum in question was prepared by the plaintiff's attorney. If that is so, and the demurrer admits it, the memorandum was prepared by the plaintiff's agent and is binding upon him.

In effect, the plaintiff seeks recovery under an agreement with the defendant which forms the basis of his complaint but, by his demurrer, would deny the defendant any rights under the same agreement because the plaintiff did not happen to sign it and the defendant did. This is not the court's comprehension of the purpose of the Statute of Frauds. It is intended to relieve against fraud and not to be invoked as an instrument in aid of perpetrating a wrong.

The agreement in question was caused to be prepared by the plaintiff, acting through his attorney, and it begins with the words, "Received of George Baum." This is equivalent to a written declaration of the plaintiff himself that the defendant has sold him the property described, upon the terms described,

and likewise it is his written declaration of purchase of this property upon the named terms. An agreement so "signed" has been held to be a signature that fully meets the requirements of the Statute of Frauds. Likewise has there been uniform judicial sanction for enforcing an agreement with a printed signature. *Kilday* v. *Schancupp*, 91 Conn. 29, 34; *New England Dressed Meat & Wool Co.* v. *Standard Worsted Co.*, 165 Mass. 328, 331; California Canneries Co. v. Scatena, 117 Cal. 447, 449; *Drury v. Young*, 58 Md. 546, 554.

The demurrer admits the allegations of the counterclaim that both parties entered into this agreement, and if that is so the defendant should not be denied rights which flow from its breach by the plaintiff.

The demurrer is overruled.