## NATHANIEL ATWOOD *versus* JAMES COBB.

An action was brought upon the following writing, which was signed by both parties: " This certifies, that *I have sold* to " the plaintiff " about five acres of land, more or less, being the same which I bought of him, in consideration of the same sum which I paid him for the same, with interest from the time I purchased the same, till I paid for it (supposed about six months), with the expense of the deed, also the taxes for one year." It was *held*, that this was an *executory* contract for the sale of the land.

In the same action, it was *held*, that the writing was not void under the *St.* 1783, *c.* 37, § 2, providing that no action should be maintained upon any contract or sale of land, unless the agreement " or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith," on the ground that the price to be paid for the land was not set forth therein with sufficient certainty; nor on the ground of uncertainty as to the time when the contract was to be executed, for as no time was limited in the writing it must be executed within a reasonable time; nor on the ground that it was uncertain whether the fee simple or a less estate was to be conveyed.

In an action on a contract in writing, which does not express the time when it is to be performed, and which consequently is to be performed within a reasonable time, *it seems* that a simultaneous, express, verbal agreement that it shall be performed on a particular day, is not admissible in evidence; unless perhaps it may be admissible in connexion with other facts, as bearing on the question of reasonable time *Per Shaw C. J.*

THIS was assumpsit to recover damages for the non-performance of an agreement to convey certain real estate to the plaintiff. The defendant pleaded the general issue.

At the trial in the Court of Common Pleas, before *Williams* J., the plaintiff offered in evidence the following writing, which was signed by both parties :

"Middleborough, March 25, 1833. This certifies, that I have sold to Nathaniel Atwood about five acres of land, more or less, with the shop and other erections and improvements on it, which I own in Middleborough on the road to Wareham, being the same which I bought of him, in consideration of the same sum which I paid him for the same, with interest from the time I purchased the same, till I paid for it (supposed about six months), with the expense of the deed also the taxes for one year."

The plaintiff also offered to prove by parol evidence, that on March 25, 1833, the defendant agreed to sell to the plaintiff, in fee simple, the land mentioned in the writing, for the

Atwood
v.
Cobb.

price mentioned therein ; that the plaintiff agreed to take the same upon those terms ; that the writing was thereupon drawn up by the witness, and signed by the parties ; that no deed of the land had been given by the defendant to the plaintiff ; that after the writing was signed, it was agreed by parol, that the witness should keep it until the 15th of April then next ensuing, when the witness and the parties were to meet ; and that at such meeting, the defendant was to execute the deed, and the plaintiff was to make payment according to the terms of the writing.

The judge being of opinion that the writing did not contain any agreement on the part of the defendant, to convey to the plaintiff the estate therein mentioned, and that the parol evidence offered was inadmissible, ordered a nonsuit, reserving liberty to the plaintiff to except ; and the plaintiff thereupon filed exceptions to these decisions.

*Oct. 23d.*

*Warren* and *Stevens*, for the plaintiff, cited to the point, that where an agreement is susceptible of two constructions, the Court will give to it that construction which will have some operation, rather than that which will have none, 2 Com. on Contr. 533 ; that the writing did contain an agreement on the part of the defendant, to convey the land, *Jackson* v. *Myers*, 3 Johns. R. 388 ; *Jackson* v. *Clark*, 3 Johns. R. 424 ; *Bealle* v. *Schoale*, 1 Marshall, (Kentucky,) 475 ; *Kendal* v. *Talbot*, 2 Bibb, 614 ; and that the consideration to be paid for the land, was set forth in the writing with sufficient certainty, *Brown* v. *Bellows*, 4 Pick. 179 ; *Packard* v. *Richardson*, 17 Mass. R. 122 ; *Johnson* v. *Ronald*, 4 Munf. 77 ; *Penniman* v. *Hartshorn*, 13 Mass. R. 87 ; *Bateman* v. *Phillips*, 15 East, 272 ; *Egerton* v. *Matthews*, 6 East, 307.

*Eddy*, for the defendant, argued that the words *I have sold* were not equivalent to the words *I agree to sell ;* and that the writing was not a sufficient compliance with the provisions of *St.* 1783, *c.* 37, § 2, (of frauds,) inasmuch as it did not show what estate in the land was to be conveyed, whether an estate in fee, for life, &c., and did not express the consideration, for the amount paid by the defendant, the expense of the deed, and the amount of a year's taxes, could not be ascertained except by parol evidence *Bird* v. *Richardson*, 8 Pick. 252 ;

2 Kent's Comm. 402 ; *Parkhurst* v. *Van Cortland*, 1 Johns. Ch. R. 273 ; *Brodie* v. *St. Paul*, 1 Ves. jun. 326 ; *Blagden* v. *Bradbear*, 12 Ves. 466 ; *Clinan* v. *Cooke*, 1 Sch. & Lefr. 22.

Atwood
*v.*
Cobb

SHAW C. J. delivered the opinion of the Court, at the *nisi prius* term held by him at Plymouth, in May 1835. The paper writing on which the plaintiff relies to support this action, is certainly extremely loose and indeterminate ; but considering how often agreements are necessarily drawn up by illiterate persons, incapable of expressing their intentions with clearness and certainty, and the injurious consequences which would follow if effect should not be given to such agreements, it must be a rule of construction governing courts of justice, not wholly to reject such instruments, as uncertain, if it is possible, with the helps allowed to be brought to the aid of such construction, to ascertain the meaning of the parties.

*May term
1835,
at Plymouth*

The first consideration is, that if this paper, formally signed by the parties, is not an executory contract, looking to the future and not to the past, it would be wholly nugatory and inoperative. The argument is, from the words in the past tense, " *I have sold,*" that it was an executed, not an executory contract. But an executed contract for the sale of real estate passes the estate ; if any separate deed of the estate had been given, this certificate would have been useless ; if none, this could not operate as a deed, and would be alike useless ; if it did not amount to an engagement to give a deed, it was nothing. But the maxim is, to give some effect to the acts of parties, if possible, *ut res magis valeat quam pereat.* And in construing all instruments, and especially those which are informal, illiterate, hastily and unskilfully drawn, the intent of the parties, if possible, is to be ascertained, without regard to technical rules ; words are to be construed in the manner in which the parties understood them ; resort is to be had to every clause and word in the instrument, for the purpose of ascertaining that understanding and intent ; and the intent of the parties when thus ascertained, is to be the governing rule for carrying the contract into effect.

Supposing from the paper, and the signature by the parties, that they intended to make a contract in relation to the sale of

the estate in question, that it could not operate as an executed contract, the Court are of opinion, that " have sold " must be construed to mean, have agreed and contracted to sell. In *Jackson* v. *Clark*, 3 Johns. R. 424, it was held, that a paper certifying that the signer had bargained and sold lands, must be construed an agreement to sell. In another case, *Jackson* v. *Myers*, 3 Johns. R. 383, where by an instrument, one had granted, bargained, sold and conveyed lands, it was held, that these words should be controlled by other parts of the instrument, indicating that the parties did not intend it as a present conveyance, but an agreement for a future conveyance, and so executory. These cases merely follow out and proceed upon the well known rule, that the intent of the parties shall be ascertained from the whole instrument, and. when ascertained, shall be carried into effect, if it can be done consistently with legal rules and maxims.

2. The other point is attended with more difficulty, which is, that this contract is not conformable to the statute of frauds, in relation to contracts for the sale of lands. *St.* 1783, *c.* 37, § 2. It provides, that no action shall be maintained upon any contract or sale of lands, unless the agreement, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith or some other person by him thereunto lawfully authorized.

It is quite impossible to go through the cases upon this branch of the statute of frauds ; it is sufficient to say, in general terms, that under this provision, the contract or memorandum must .express the substance of the contract, with reasonable certainty, either by its own terms or by reference to some other deed, record, or other matter from which it can be ascertained with like reasonable certainty. The statute is intended as a shield ; no particular forms are required, and it looks at the substance of .the contract. It requires a *note* or *memorandum* of the contract, not a detail of all its particulars. The Court are of opinion, that the memorandum, loose and unskilful as it is, answers these conditions. It refers definitely to facts, familiarly known to the parties, and in all probability well understood by them ; the estate is well described as the same estate, which Atwood had before sold to Cobb

The principal uncertainty is as to the price to be paid ; for, having considered this as an executory contract, as an agreement for a sale, to be made afterwards, it follows as a necessary consequence, that when it further states the consideration, the payment of that consideration is to be further understood, and it has the same meaning as if the words were, in consideration of the same sum to be thereupon paid to me therefor, which I paid him. This fixes the sum, together with some slight addition of interest to be computed for a time specified, and the expense of a deed. The latter is a trifle, may be considered as very nearly settled by usage, and at all events, cannot be deemed to be of the substance of the contract. As the amount paid for an estate, is usually determined by the consideration expressed in the deed of conveyance, or by some receipt or memorandum, it is impossible to pronounce this contract void under the statute, because it does not express with sufficient certainty the price to be paid for the estate.

As to the uncertainty of the time, at which the agreement is to be executed, the case is clear, that where on an executory contract, a party stipulates to do some act, and no time is limited, it is to be done within a reasonable time, and, therefore, the want of any stipulation to that effect does not render the instrument void.

As to the admission of the parol evidence offered and rejected, a portion of it, it is obvious, would be immaterial and inadmissible, namely, that which goes to prove the agreement between the parties. I am also inclined to think, that the express agreement, as to the time at which the contract was to be completed, on the 15th of April, was inadmissible, but I am not aware that the Court expressed any opinion upon that subject. Perhaps taken in connexion with the season of the year, the nature of the estate, and other facts, it might be evidence bearing upon the question of reasonable time, if that should be contested. The general rule is, that parol evidence bearing upon the *terms* of the contract is not admissible, because, if they vary it, it is a weaker species of evidence, and cannot control it, and if they are to the same effect, they add no strength to it, are immaterial, and therefore inadmissible ;

and because, when parties have reduced the evidence of their contract to writing, it supersedes all the verbal negotiation which preceded it.   But parol evidence of the situation and circumstances of the land or other subject matter about which the contract treats, is admissible to explain and give effect to the terms of the contract.

The exceptions therefore are allowed, the nonsuit is taken off, and a trial ordered, to be had at the bar of this Court