ANNIE KILDAY *vs.* JACOB SCHANCUPP.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The requirement of the statute of frauds (§ 1089), that a memorandum
of the agreement for the sale of real estate must be signed by the
party to be charged therewith, applies to an action for the recovery
of damages for a breach of the contract as well as to one for its
specific performance, the form of the action being immaterial.

Mere proof of compliance with the statute does not necessarily entitle
the plaintiff to a decree for the specific performance of the agree-
ment, for that relief will not be awarded unless the contract is
equitable, reasonable and just, is based on good consideration, and
is free from surprise or mistake.

It is a fair, though rebuttable, inference, that the land referred to in a
memorandum of a sale of real estate, as "# 48–50 Emmett
Avenue," is located in the town and State mentioned in the date-
line at the head of the sheet; and therefore such a description is
sufficiently certain and definite.

A memorandum of the terms of a sale of real estate, prepared by the
defendant and signed by the plaintiff at the bottom, recited that
the land was "Sold to J. Schancupp." *Held* that this was a suffi-
cient signing upon his part to comply with the statute of frauds,
although the memorandum was not otherwise "signed" by him.

A written instrument signed by one in any part of it after the body of it
is completed, or signed in any part and, when completed, produced
from his custody, is to be taken as the instrument of such person,
and such a signature fully meets the requirements of the statute of
frauds.

A written or a printed signature is a sufficient compliance with the
statute.

Argued June 14th—decided July 27th, 1916.

ACTION for the specific performance of an agreement
to purchase real estate and for damages for a breach of
the agreement, brought to and tried by the Superior
Court in New Haven County, *Burpee, J.;* facts found
and judgment rendered for the plaintiff for $300, and
appeal by the defendant. *No error.*

On August 5th, 1914, the plaintiff orally agreed to sell

the defendant the two lots 38 and 40 Emmett Avenue in Derby, Connecticut, for $4,350, payable $50 in cash, the assumption of a mortgage for $2,000 upon the property, and a note for $1,500 secured by a second mortgage on the property, and the balance in cash at delivery of deed on or before September 1st, 1914.

In the afternoon of this day the defendant presented to the plaintiff and requested her signature, which she made, to the following instrument:—

"J. Schancupp,
Dealer in Diamonds, Watches and Jewelry.
222 Main Street.
Derby, Conn., Aug. 5, 1914.

Sold to J. Schancupp # 38–40 Emmett Avenue three tenement house and lot 50 front by 150 deep, and one empty lot 50 by 150, next to second house for the sum of forty-three hundred and fifty dollars. Received by check deposit on the above $50.00, same to apply to purchase price. Assuming mortgage of $2,000 held by the Derby Savings Bank, and agree to take a second mortgage of $1,500.00 for three years at 5%. Balance of purchase price to be paid in cash on delivery of deeds. Deeds to pass hands on or before the first of September, 1914.

(Signed) Mrs. Annie Kilday.

In the presence of
Etta Kilday ·
S. Liftig."

The defendant directed his daughter to make a copy of this paper and give the same to the plaintiff; he himself kept the original and did not sign it, unless his name in the body of the instrument is held to be a signing. The defendant, at the delivery of the instrument to him, gave the plaintiff his check for $50, written as follows:—

"Deposit on house and extra lot.

Birmingham National Bank, Derby, Conn., Aug. 5, 1914. Pay to the order of Mrs. Kilday fifty and 00/100 dollars.

J. Schancupp."

and the plaintiff cashed this.

On August 6th, 1914, the defendant told the plaintiff he did not intend to buy the property.

On August 31st, 1914, the plaintiff tendered the defendant a warranty deed of the premises and the mortgage deed required to be executed by him in accordance with said instrument, and requested the payment of the balance of the purchase price and the performance by the defendant of his part of the agreement. This the defendant refused to do, and declined to accept the deed.

On August 5th, 1914, plaintiff, believing she had sold her property to the defendant, moved out of the house and lived elsewhere for eight months. She then returned and resumed possession.

On August 5th, 1914, the plaintiff's property, for which defendant agreed to pay $4,350, was worth $4,000.

*Robert J. Woodruff*, for the appellant (defendant).

*Walter J. Walsh* and *David J. McCoy*, for the appellee (plaintiff).

WHEELER, J. The trial court held that there was no sufficient memorandum in writing to support a decree for specific performance, but that the plaintiff was entitled to a judgment for damages based upon the agreement for the sale of land.

General Statutes, § 1089, provides that "no civil action shall be maintained . . . upon any agreement for the sale of real estate, or any interest in or concern-

ing it, . . . unless such agreement, or some memorandum thereof, be made in writing, and signed by the party to be charged therewith, or his agent." We have said that our statute does not make agreements not made in this way invalid, but prevents their proof unless by such a writing. *Fisk's Appeal*, 81 Conn. 433, 438, 71 Atl. 559. It is immaterial whether the action be one for specific performance, or for damages for the breach of a contract of sale of land. The proof must be in the manner provided by our statute; and the agreement in its essentials must be the same in either action. Lord Farwell succinctly stated the principle in *Wild* v. *Woolwich Borough Council*, L. R. (1910) 1 Ch. Div. 35, 42: "It is perfectly clear that if there was no contract there can be no damages for breach of contract, and any claim to compensation is out of the question."

But before specific performance will be decreed, something further must be shown than that the contract is made in accordance with the requirements of law. It must in addition be one of such a character that the court will enforce its performance. The governing principles are clearly specified in our decisions. *Patterson* v. *Bloomer*, 35 Conn. 57, 63; *Platt* v. *Stonington Savings Bank*, 46 Conn. 476, 478. The conclusion of the learned trial court is not necessarily erroneous, though the reason given may be.

If the memorandum by which the agreement was proved meets the requirements of the statute, a contract within the requirements of the statute has been established sufficient to support the action for damages, or the action to secure specific performance, in the absence of equitable considerations which would lead a court in the exercise of its discretion to refuse to issue its decree.

The memorandum upon which the case must stand or fall is Exhibit B. When analyzed, it discloses the

parties to a contract of sale of land, the subject of sale described, a consideration, the terms of the sale, and the time of delivery of the deed. When the agreement was offered in evidence the defendant duly excepted to its admission. In two particulars only does the appellant attack the agreement: (1) because of indefiniteness; (2) because it was not signed by the defendant. The claimed indefiniteness of this agreement rests upon the description of the subject of the sale, viz: "# 38–40 Emmett Avenue three tenement house and lot 50 front by 150 deep, and one empty lot 50 x 150, next to second house." In the body of the agreement the locality of Emmett Avenue is not given. But the agreement bears date at Derby, Connecticut, and from this the inference of fact follows, in the absence of evidence to the contrary, that the property described in the agreement is located in Derby, Connecticut. This inference is rebuttable by parol proof, for example, that there was no such avenue or street in Derby. *Mead* v. *Parker*, 115 Mass. 413, 415; *Kraft* v. *Egan*, 76 Md. 243, 252, 25 Atl. 469; *Shelinsky* v. *Foster*, 87 Conn. 90, 97, 87 Atl. 35; *Hodges* v. *Kowing*, 58 Conn. 12, 20, 18 Atl. 979.

The agreement must have been signed by this defendant, since he is the party to be charged. This agreement was caused to be prepared by the defendant and it begins, "Sold to J. Schancupp." This is the written declaration of the defendant himself that the plaintiff has sold him the property described, upon the terms described, and likewise it is his written declaration of purchase of this property upon the named terms. The statute is intended to relieve against fraud; to hold that this defendant, by writing his name in the body of this instrument instead of at its end, did not sign the instrument, would help perpetrate, instead of prevent, a wrong. An instrument signed by one in any part of it after the body of it is written, or signed in

any part and, when completed, produced from his custody, must be taken to be the instrument of the party so signing. Under these circumstances he authenticates by his signature, or by the signature to the instrument produced from his custody, the instrument so signed, and such a signature fully meets the requirements of the statute of frauds. *New England Dressed Meat & Wool Co.* v. *Standard Worsted Co.*, 165 Mass. 328, 331, 43 N. E. 112; *Penniman* v. *Hartshorn*, 13 Mass. 87; *California Canneries Co.* v. *Scatena*, 117 Cal. 447, 49 Pac. 462; *Drury* v. *Young*, 58 Md. 546, 553. The authorities are equally decisive that the signature may be printed or written. *Schneider* v. *Norris*, 2 M. & S. 286; *Drury* v. *Young*, 58 Md. 546, 554. And we have held that a signature by a rubber stamp made by an agent duly authorized is a signature within the statute. *Deep River National Bank's Appeal*, 73 Conn. 341, 346, 47 Atl. 675. Exhibit B was properly admitted in evidence; it was not indefinite, and it was duly signed by the defendant.

No facts are found which would prevent a court of equity decreeing specific performance. Therefore the trial court would have been justified in decreeing specific performance, and was justified in rendering a judgment for damages upon the second prayer for relief.

There is no error.

In this opinion the other judges concurred.