## ADELBERT J. LANDRY v. CHRISTOPHER TROEGER

SUPERIOR COURT      NEW LONDON COUNTY      FILE No. 17248

Memorandum filed May 16, 1947.

*Brown & James,* of Norwich, for the Plaintiff.

*Allyn L. Brown, Jr.,* of Norwich, for the Defendant.

CORNELL, J. The complaint recites that defendant owned a tract of land situated in Norwich on the westerly side of the highway leading from Norwichtown to New London, about five acres more or less in extent; that on April 22, 1946, he authorized one Rosa E. Burton, "a real estate agent," to sell the

same with the buildings thereon, except a ranger shelter, for
$11,000 with the reservation, however, that "I can stay on
premises three months after deed is transferred"; that on the
same day, Rosa E. Burton procured 'a purchaser who agreed
to buy the property at the price named and paid to her the sum
of $100 as a deposit thereon, whereupon she signed and deliver-
ed to him the following writing:

"April 22, 1946

"Received from Adelbert J. Landry one hundred dollars
deposit on C. Troeger property located on New London Turn-
pike, Norwich, Conn. Balance of Ten Thousand, Nine Hun-
dred to be paid when deed passed

"Rosa E. Burton, Agt."

On April 23, 1946, Rosa E. Burton having delivered to de-
fendant the $100 deposit acknowledged in said receipt, the
latter signed and delivered to said Rosa E. Burton, the follow-
ing writing:

"Received from Mr. Adelbert J. Landry, one hundred ($100)
dollars deposit on house and building thereon selling for
$11,000 balance due when deed is transferred.

"Christopher Troeger

"If loan is not obtainable he will receive his deposit."

At the time this memorandum was delivered to Rosa E. Bur-
ton, the defendant also handed to her a "certain deed" for the
purpose of furnishing a description of the real estate so sold
and to be conveyed by defendant to plaintiff and to enable
plaintiff to negotiate for a savings bank loan to be secured by
a mortgage on said real estate. On or about June 13, 1946,
the plaintiff was ready, willing and able to "perform said agree-
ment and offered to pay the defendant the sum of $10,900 and
demanded a conveyance of the premises." The defendant re-
fused and still refuses to convey the property to plaintiff.

To the complaint, containing in substance the allegations
stated, defendant demurs on a number of grounds. The first is
that "The memorandum fails to set forth with sufficient clarity
and certainty the real estate to be conveyed." This obviously
has reference to General Statutes, § 5982, which is the Connec-
ticut counterpart of the Statute of Frauds. It fails to point
out, however, the essentials which are lacking and so is gen

eral, a form of demurrer which is not permissible in this state. *Santoro* v. *Mack,* 108 Conn. 683, 687.

It is assumed that the several memoranda recited in the complaint are to be considered together in determining their sufficiency, as no ground of demurrer raises any question in that regard. So viewed, it should be noted in passing that, despite the ruling made supra, the complaint is not vulnerable to demurrer for the reason referred to unless the location of the premises which are stated to be the subject of the alleged sale is on a different highway than is set forth in the memoranda. Thus the statement of the said agreement is that the land involved is situated on "the highway leading from Norwichtown to New London"; that in the memorandum of April 22, 1946, avers that it is "located on New London Turnpike." It may be, of course, that both descriptions refer to the same highway. If they do, the memoranda are not insufficient to satisfy the requirements of the statute that they contain a description of the land which is the subject matter of the transaction. "If the description can be identified by proof of some extraneous fact, that may be done, although, if it be necessary to add a term to the description, that cannot be done." *Gendelman* v. *Mongillo,* 96 Conn. 541, 547. The specification in the writings that the property is located on a named highway is a circumstance that will make extrinsic evidence admissible for the purpose of applying the description to the location for the purpose of identifying the particular land which is the subject of the sale if, by parol, it appears that defendant owned only one property on such highway. *Gendelman* v. *Mongillo,* supra, 546; *Atwood* v. *Cobb,* 33 Mass. 227.

Reasons of demurrer 2, 3, 4 and a portion of 5 may be considered together. As so combined, they urge that the memoranda were insufficient to satisfy § 5982, because they do not state with sufficient certainty (a) the time of performance of the alleged agreements; or (b) the parties thereto; or (c) with sufficient fullness, the method and time of payments; and also that it does not appear that "the memorandum" was delivered to plaintiff. The delivery of the memorandum signed by the person sought to be charged, to the person endeavoring to enforce a contract thereby evidenced, is not essential to satisfy the requirements of a statute of frauds, according to what appears to be the majority view. 37 C. J. S. 650 and cases cited in the subnote; also *Kludt* v. *Connett,* 350 Mo. 793, 145 A. L. R. 1014, 1019; *Axe* v. *Potts,* 349 Pa. 345, 154 A. L. R. 764, 766. While

the question has not been specifically passed upon by the Supreme Court of Errors in this state, some support is impliedly given to this view in the opinion in *Jacobson* v. *Hendricks,* 83 Conn. 120, where it is held that the requirements of the Statute of Frauds may be met by proof of memoranda or other writings in the hands of a party against whom a contract is sought to be enforced even though the plaintiff had no knowledge of them and it was not intended that he should have. Lack of delivery of the memorandum or memoranda is implicit in such a situation. As this statement seems to accord with the purpose of § 5982, on the authority of its reasoning no delivery of a sufficient writing by the defendant to the plaintiff or his agent was required if any existed undelivered to him which alone or when properly read with other writings would be adequate.

As respects the other reasons of demurrer, the following proposition is affirmed in Connecticut: "The statute requires only that the written agreement shall be signed by the party to be charged therewith, . . . the weight of authority is that the statute of frauds is satisfied by the signature to the contract of the party sought to be charged only, whether the suit to enforce it be at law or in equity and whether it relates to the sale of real or personal estate." *Hodges* v. *Kowing,* 58 Conn. 12, 18, 19, 7 L. R. A. 87; and see *Burns* v. *Garey,* 101 Conn. 323. This being the case, on the question whether the agreement is sufficiently certain with respect to the terms of sale and what writings may be considered in determining it, as approved, at least, in *Jacobson* v. *Hendricks,* supra, the conclusion is that all of the memoranda set out in the complaint are to be considered together — that is, the communication by defendant to Rosa E. Burton, the "real estate agent"; the receipt signed by Rosa E. Burton, on April 22, 1946, for a deposit and delivered to defendant in behalf of the plaintiff; and the receipt signed by defendant certifying that he had received from "the real estate agent" the deposit of $100 paid by plaintiff to her. This done, the names of both the purchaser and seller appear in the memoranda. If a writing omits to state when an agreement for the sale of realty is to be performed, and it appears that the parties in making the contract failed to agree upon that matter, the law raises a presumption that it is to be done within a reasonable time. *Santoro* v. *Mack,* supra, 689. The statement of the alleged contract in paragraph 3 of the complaint is silent respecting the time when defendant was to deliver deed to the premises, and no reference to that detail is made therein. They, consequently, in that re-

spect, accord with the agreement alleged and are sufficient. *Santoro* v. *Mack,* supra. *Harlow* v. *Parsons Lumber & Hardware Co.,* 81 Conn. 572, 576.

So, also, when the memorandum does not specify any terms of payment and it does not appear that any were specifically agreed upon, the law presumes that payment is to be made in cash. *Santoro* v. *Mack,* supra, 689. In the absence of anything to indicate that the parties otherwise agreed, the memoranda related in the complaint are not deficient because they failed to mention how payment was to be made.

Another ground of demurrer is stated in paragraph 5 to the effect that: "It does not appear . . . that there was any meeting of the minds between the plaintiff and the defendant." This like the first ground of demurrer is general and so cannot be considered. The final ground (6) projects the thought that the agreement "does not represent a definite promise to convey but at the best is a mere conditional one." This, too, is general since it does not point out in what respect the undertaking is not absolute. Although it may be surmised, no ruling may be made upon it for the reason noted.

Incidentally, however, while the complaint sets out in detail the several memoranda for the purpose of showing that the statute has been complied with, it nowhere alleges any parol agreement. The assumption may be tolerated that the contract was not oral, but that its terms are to be found in the several writings. "A contract to be enforceable must be a valid common law contract notwithstanding its compliance with the requirements of the statute of frauds. The existence of a memorandum does not do away with the necessity of a valid consideration or mutual assent evidenced by a definite offer unconditionally accepted." 27 C. J. 309, § 397, and cases cited in subnotes 2 and 3. This demurrer with the rulings thereon above noted is wholly concerned with the question whether or not the various writings satisfy the requirements of the Statute of Frauds. If there was a parol agreement differing in material terms from the content of the memoranda or if such a contract or that inferable from the writings, read together, does not define a valid and enforceable agreement, such questions, not being within the purview of the instant demurrer so far as the latter has been ruled upon, are necessarily not decided.

On the reasons assigned and considered, the demurrer is overruled on all grounds.