JAY FOSTER ET AL. *v.* RALPH CIVALE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

470

Argued February 5—decided March 10, 1948

*David H. Jacobs,* with whom, on the brief, was *Cornelius J. Danaher,* for the appellant (named defendant).

*Robert M. Luby,* with whom, on the brief, was *Carter H. White,* for the appellee (plaintiff Jacobson).

DICKENSON, J. This action was brought to enforce specific performance of an agreement to convey land and a house under construction thereon, and for damages. The named defendant appeals from the overruling of a demurrer to the complaint and from a judgment for the plaintiff for damages. The sole ground of error pursued in his brief is that the description of the location of the real estate was not definite enough to satisfy the Statute of Frauds. The ruling on demurrer presents substantially the same question as the judgment on the merits, the

defendant has discussed them in his brief as a single issue, and we follow that procedure.

The defendant Ralph Civale and John Ferrigno, a codefendant, owned a piece of land on Ann Street Extension in Meriden bounded northerly by Ann Street Extension, 65 feet; easterly by land now or formerly of Mary Civale, 160 feet; southerly by land of Ralph Civale and John Ferrigno, 65 feet; westerly by land of Ralph Civale and John Ferrigno. On February 18, 1946, the defendant Civale and the plaintiff Foster executed a written contract in which Civale agreed to provide land and materials and build a house on Ann Street Extension, in accordance with specifications annexed to and made a part of the contract, and deliver it to Foster or his assigns on or before March 31, 1946, together with a duly executed deed, free of incumbrances, "covering both land and buildings." The specifications referred to describe the house as "now in progress approximately ready for plastering . . . to be finished in accordance with the obvious layout and design indicated by its present status." After a reference to rough grading, the specifications contain the statement "Lot 65 x 160." On March 7, 1946, Foster assigned his interest in the agreement to Jacobson, the coplaintiff. On April 10, 1946, Ferrigno deeded Civale all of his interest in land described as bounded north on Ann Street Extension, 75 feet more or less following the curvature of the road; east on land now or formerly of Mary Civale, 165 feet more or less; south on other land of the parties, 65 feet more or less; and west on a proposed street on other land of the parties, 200 feet more or less. The trial court found, and the finding is not attacked, that the entire title to the land then vested in Civale, and it was the only piece of land

situated on Ann Street Extension of which he had the complete title. From February 18 to March 31, 1946, the only house being erected on Ann Street Extension was that described in the contract between Foster and Civale, and this was upon the land conveyed by Ferrigno to Civale on April 10, 1946. Civale refused to complete the building and convey the premises in accordance with the terms of the agreement. The trial court held on these facts that the requirements of the Statute of Frauds were satisfied and awarded damages for breach of contract.

In *McMahon* v. *Plumb,* 88 Conn. 547, 551, 92 A. 113, we stated that reasonable certainty in the description is an indispensable prerequisite for the enforcement by way of specific performance of a contract to convey land and (p. 552) that "The description is sufficiently definite wherever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written." This is so whether the action is one for specific performance or for damages for breach of a contract for the sale of land. *Kilday* v. *Schancupp,* 91 Conn. 29, 32, 98 A. 335. In *Gendelman* v. *Mongillo,* 96 Conn. 541, 114 A. 914, the description in the memorandum was "6 Washington Place." We stated (p. 547): "What we do is to ascertain where 6 Washington Place is. We locate this street number in a given place by oral proof, and then we show by oral proof that the seller owned these premises. And then we draw the inference that the parties intended to convey the 6 Washington Place which the seller owned in this given place. The description given may be applied by oral proof, so as to ascertain the precise premises conveyed." And see *Kilday* v. *Schancupp,* supra, 33, 34.

The defendant's claim, in brief, is that at the time of making the contract he "solely owned no property fronting on Ann Street Extension but did own an undivided one (½) half interest in a tract fronting on Ann Street substantially larger than any lot 65 feet by 160 feet both as to frontage and depth." The description of the land in question as found by the trial court indicates that this was a separate and distinct lot, and nothing in the finding suggests a different situation; the fact that Civale and Ferrigno owned other land to the west and south did not affect its dimensions or location. In the absence of any attack on the finding, we cannot assume that the lot was merely an unidentified part of a larger tract. Further, while it appears that later Ferrigno quitclaimed to Civale his interest in a slightly larger piece of land that included the original lot, the integrity of the latter piece was not necessarily affected thereby. The finding refers to the latter as "a certain piece or parcel of land," and its location presumably may be definitely established by reference to the westerly boundary of land of Mary Civale. "When a seller of land owns only one estate which answers the description given in a memorandum, that must be taken to be the estate to which the memorandum refers, and a memorandum that contains only a slight description of such an estate will satisfy the requirements of the statute of frauds." *Michelson* v. *Sherman,* 310 Mass. 774, 776, 39 N. E. 2d 633. While the memorandum in that case was found insufficient to satisfy the statute, this was on the ground that the description did not apply to one parcel only of the seller's land. See notes, 117 A. L. R. 1071, 139 A. L. R. 965. In the case before us, the contract provides for the sale of a house of a certain description under construction, on a lot on

Ann Street Extension of a certain size. The defendant was part owner of a lot of this size upon which there was a house of this description, and there was no other house of this description on the street. It was alleged in the complaint that he was the agent of the other part owner in the sale, and whether he was or not he could be held liable for breach of contract to sell. *Schneidau* v. *Manley,* 131 Conn. 285, 288, 39 A. 2d 885. The trial court was not in error in holding that there was a sufficient memorandum to satisfy the statute and that the defendant was liable in damages for breach of contract.

A subsidiary claim of the defendant that the expression "Lot 65 x 160" cannot be taken to be a "foot" measurement and does not specify front and depth measurements has its answer in the fact that the figures tally with those of the dimensions of the lot that, the finding is, the defendant and Ferrigno owned at the time the contract was executed, and these refer to feet. It might be added that in *Kilday* v. *Schancupp,* supra, 33, figures alone, relating to house lots, were not considered indefinite as to the requirements of the statute. The defendant has made no claim that they refer to any measurement other than feet.

There is no error.

In this opinion MALTBIE, C. J., JENNINGS and ELLS, Js., concurred.

BROWN, J. (dissenting). In so far as the opinion holds that upon the facts found the court did not err in entering judgment for the plaintiff, I disagree on the ground that there was no sufficient memorandum to satisfy the Statute of Frauds. Since the finding shows that the house referred to in the agreement

was the only one on Ann Street Extension, a piece of land fronting on that street of a width coextensive with that of the house may be said to be identified by the agreement, but there is nothing therein to fix the location of either the east or the west boundary of the sixty-five foot strip of land in question. So far as appears, these boundaries could be shifted a number of feet to either the east or the west without doing violence to the provisions of the memorandum. "If the description can be identified by proof of some extraneous fact, that may be done, although, if it be necessary to add a term to the description, that cannot be done." *Gendelman* v. *Mongillo,* 96 Conn. 541, 547, 114 A. 914. As that case, which was upon appeal from a judgment on demurrer, and all of the cases discussed in that opinion, pages 547 to 549, clearly indicate, parol evidence cannot avail unless there is a sufficient description or reference in the agreement to afford basis for identifying and definitely locating the specific property in question. In the determination of the present appeal, it is the facts found by the court, and not parol evidence which might be offered, which control in applying this principle.

As was stated by the court in *Michelson* v. *Sherman,* 310 Mass. 774, 778, 39 N. E. 2d 633, in addition to what is quoted in the majority opinion, "In order to satisfy the requirements of the statute the memorandum must contain a description of the land sold that applies to one parcel of land only." This principle is of particular significance in this case, where, as there, the land contracted to be sold was but a part of a larger tract held in common ownership. The finding that at the time of the agreement the defendants "owned a certain piece or parcel of land" bounded northerly "by Ann Street Extension,

65 feet" and easterly by Mary Civale's land, in the absence of any finding that this tract was ascertainable by markers on the land or otherwise, is insufficient to identify this as the land agreed to be conveyed, inasmuch as it is further found that the defendants also owned the land south of and west of this "certain piece." That the defendants, when the agreement was made, also owned a certain piece of land of the same 65 by 160 foot dimensions, bounded northerly on Ann Street Extension but not bounded easterly on Mary Civale's land, is equally clear upon the facts as found. It is therefore my conclusion that, without a finding that the land was ascertainable as above stated, the agreement cannot be held to "contain a description of the land sold that applies to one parcel of land only," and therefore the court erred in rendering judgment for the plaintiff.